**O**

# United States District Court
# Central District of California

REZA SENOBARIAN et al.,

           Plaintiffs,

   v.

ANTONY J. BLINKEN et al.,

           Defendants.

Case № 2:23-cv-07208-ODW (MAAx)

**ORDER GRANTING
DEFENDANTS'
MOTION TO DISMISS [10]**

## I.   INTRODUCTION

Plaintiffs Reza Senobarian and Rezwan Senobarian bring this immigration action against Antony J. Blinken, in his official capacity as Secretary of State; Merrick Garland, in his official capacity as Attorney General; and Dr. Amy Gutmann, in her official capacity as U.S. Ambassador to Germany, for declaratory relief and a writ of mandamus requiring that Defendants adjudicate Plaintiffs' Form DS160 application for a B1/B2 nonimmigrant visa.  (Compl., ECF No. 1.)  Defendants now move to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).  (Mot. Dismiss ("Motion" or "Mot."), ECF No. 10.) For the following reasons, the Court **GRANTS** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

The following facts are taken from Plaintiffs' Complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss).

On February 12, 2023, Reza Senobarian ("Senobarian") filed a Form DS160 application for a B1/B2 nonimmigrant visa.  (Compl. ¶ 1.)   On March 30, 2023, Senobarian appeared for an interview at the U.S. embassy in Berlin, Germany.  (*Id.* ¶ 2.)   Following the interview, Senobarian received a Notice stating that his application "requires further administrate processing" and that his "visa application is refused under Section 221(g) of the U.S. Immigration and Nationality Act (INA)." (*Id.* ¶ 16, Ex. 3 ("Notice of Denial"), ECF No. 1-3.)   The letter is signed "U.S. Embassy Berlin, Consular Section / NIV."  (Notice of Denial.)  Based on the record presently before the Court, Senobarian's application remains in "administrative processing."  (*See* Compl. ¶ 5.)

On August 31, 2023, Plaintiffs filed this action, alleging that the State Department failed to properly adjudicate Plaintiffs' DS160 application in violation of 22 C.F.R. § 42.81.[2]   (*Id.* ¶¶ 21, 23.)   Due to this failure, Plaintiffs argue that the Defendants violated the Administrative Procedures Act ("APA"), which requires administrative agencies to conclude matters presented to them within a reasonable time.   (*Id.* ¶ 26 (citing 5 U.S.C. § 555(b)).)   Defendants now move to dismiss Plaintiffs' Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.  (Mot.)

---

[2] Although Plaintiffs cite 22 C.F.R. § 42.81 as the source of Defendants' duty, this Section applies only to the "[p]rocedure in refusing *immigrant* visas."  *See* 22 C.F.R. § 42.81 (emphasis added). Rather, the duty regarding the "[r]efusal of *nonimmigrant* visas" is derived from 22 C.F.R. § 41.121. As Plaintiffs allege that Defendants failed to process Senobarian's B1/B2 nonimmigrant visa, (*see* Compl. ¶ 1), the Court will cite to the latter Section, but it notes that the "[g]rounds for refusal" in each section include materially the same language and this distinction does not impact the outcome of this Motion.

### III.   LEGAL STANDARD

A district court must dismiss an action if it lacks subject matter jurisdiction over the suit.  Fed. R. Civ. P. 12(b)(1).  Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A court may also dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment.  *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).   Thus, leave to amend "is properly denied . . . if amendment would be futile."   *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   DISCUSSION

Under the federal mandamus statute, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Mandamus is an "extraordinary remedy" and is available to compel a federal official to perform a duty "only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (citing *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986)).   Mandamus "may not be used to impinge upon an official's legitimate use of discretion." *Barron v. Reich*, 13 F.3d 1370, 1376 (9th Cir. 1994). The only exception exists when "statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised . . . have been ignored or violated." *Id.*

Although a consular official's discretionary decision to grant or deny a visa petition is not generally subject to judicial review, jurisdiction exists over suits challenging the authority of the consul to take or fail to take an action.   *Patel*, 134 F.3d at 931–32; *see also Nwansi v. Rice*, No. C 06-0003 TEH, 2006 WL 2032578, at *3 (N.D. Cal. July 18, 2006) ("[W]here a consular officer has a *nondiscretionary* duty to act but refuses to do so, the court can grant mandamus relief and force the consulate to issue a decision (though importantly, in issuing the writ, the court may not direct the agency *how* to act).").   Under 22 C.F.R. § 41.121(a), issuance or refusal of a nonimmigrant visa is mandatory.   "[W]hen a visa application has been properly

completed and executed in accordance with the provisions of the [Immigration and Nationality Act] and the implementing regulations, the consular officer *must* issue the visa, refuse the visa, or . . . discontinue granting the visa."   22 C.F.R. § 41.121(a) (emphasis added).

Defendants argue that the State Department satisfied its duties required by 22 C.F.R. § 41.121(a) when the Consular Section of the U.S. Embassy in Berlin informed Senobarian that his "visa application is refused under Section 221(g) of the U.S. Immigration and Nationality Act (INA)."[3]  (Notice of Denial.)  The Court agrees.

In *OC Modeling, LLC v. Pompeo*, the court considered whether a similar notice of denial satisfied the requirements of 22 C.F.R. § 41.121(a).   No. 2:20-cv-1687-PA (MAAx), 2020 WL 7263278, at *3 (C.D. Cal. Oct. 7, 2020).   There, the plaintiff applied for a temporary nonimmigrant visa similar to the one at issue here. *Id.* at *1. After the petitioner appeared for an interview, the consular office "informed him that his application was undergoing administrative processing." *Id.*  The court determined that it lacked subject matter jurisdiction over the action "[b]ecause the consular office has already refused" and "rendered a decision on Plaintiff's visa application." *Id.* at *3–4 (citing *Patel*, 134 F.3d at 931); *see also Tesfaye v. Blinken*, No. CV 22-411 (CKK), 2022 WL 4534863, at *5 (D.D.C. Sept. 28, 2022) (finding that the consular office's initial refusal of petitioner's visa application satisfies 22 C.F.R. § 41.121).

The same rationale applies here.   In this case, the State Department refused Senobarian's visa application under Section 221(g) of the INA, completing the action required by 22 C.F.R. § 41.121.  *See Tesfaye*, 2022 WL 4534863, at *5 ("It is unclear to the Court what 'non-discretionary duty' purportedly imposed by this regulation has been 'unlawfully withheld.' . . .   [T]heir applications were 'refused' under INA

---

[3] Under Section 221(g) of the INA, no visa "shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted . . . that such alien is ineligible to receive a visa . . . , (2) the application fails to comply with the provisions of this chapter . . . , or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa . . . ."

§ 221(g)—in other words . . . the consular officer took the precise action directed by the regulation.").

The Court therefore concludes that the consular office refused Senobarian's visa application under INA § 221(g) and rendered a decision for the purposes of 22 C.F.R. § 41.121(a).  Having found that the consular office has rendered a decision for the purposes of 22 C.F.R. § 41.121(a), the doctrine of consular nonreviewability precludes this Court from granting a remedy in this action.  *See Allen v. Milas*, 896 F.3d 1094, 1108 (9th Cir. 2018) ("We join the D.C. Circuit in holding that the APA provides no avenue for review of a consular officer's adjudication of a visa on the merits."); *see also Van Ravenswaay v. Napolitano*, 613 F. Supp. 2d 1, 3 (D.D.C. 2009) ("With respect to standing, there is a long line of cases explaining that non-resident aliens lack standing to challenge the determinations associated with their visa applications, which belong to the political and not judicial branches of government." (citing *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972))).

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss.  (ECF No. 10.)  Because the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency and amendment would be futile, the Court **DISMISSES** Plaintiffs' Complaint **WITHOUT LEAVE TO AMEND**.


**IT IS SO ORDERED.**


February 29, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**